UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FIRST FINANCIAL SECURITY, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL W JONES, et al., <br><br> Defendants. | Case No. 17-cv-00773-BLF <br><br> **ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER** |

Before the Court is Defendants' motion for relief from a nondispositive order ("Order")[1] issued by Magistrate Judge Nathanael M. Cousins, which granted Plaintiff's discovery request for documents from third party Fidelity & Guaranty Life Insurance Company ("Fidelity"). *See* Order, ECF 44; Mot., ECF 47. Plaintiff First Financial Security, Inc. ("Plaintiff") is a life insurance brokerage agency that brings claims against Defendants for allegedly orchestrating a mass resignation of 1,400 licensed insurance sales contractors who left to work for Plaintiff's competitor, non-party FEG. As part of its damages theory, Plaintiff seeks disgorgement of Defendants' profits through sales by the team of contractors previously employed by Plaintiff. On June 20, 2017, Plaintiff served a *subpoena duces tecum* ("subpoena") on Fidelity with a compliance date of July 7, 2017. Defendants filed a motion to quash the subpoena, which was denied without prejudice, and the parties filed a joint discovery letter brief on the issue. ECF 40.

---

[1] Defendants mischaracterize their request as an objection to the Magistrate Judge's "Report and Recommendation." ECF 47. Judge Cousins' order is a nondispositive pretrial order that is properly governed by Federal Rule of Civil Procedure 72(a).

Judge Cousins issued the order granting Plaintiffs' discovery request on July 21, 2017. ECF 44. The Court has considered Judge Cousins' order and Defendants' motion. For the reasons discussed below, the motion is DENIED.

## I. LEGAL STANDARD

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential – the district judge may not simply substitute his or her judgment for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

When a discovery order centers on a magistrate's determination of relevance, "the standard of review in most instances is not the explicit statutory language, but the clearly implicit standard of abuse of discretion." *Geophysical Sys. Corp. v. Raytheon Co., Inc.,* 117 F.R.D. 646, 647 (C.D.Cal.1987). The court should not disturb the magistrate's relevance determination except where it is based on "an erroneous conclusion of law or where the record contains no evidence on which [the magistrate] rationally could have based that decision." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999) (citation omitted). The implicit abuse of discretion standard does not apply to portions of a magistrate judge's discovery order not concerned with relevance. *Perry,* 268 F.R.D. at 348; *accord Wolpin,* 189 F.R.D. at 422–23.

## II. DISCUSSION

Judge Cousins' Order stems from Plaintiff's efforts to obtain discovery from third party Fidelity regarding the amounts Defendants received from selling their products through Plaintiff's former team of contractors. Defendants argue that the subpoena is premature and seeks irrelevant documents. Joint Discovery Letter 1, ECF 40. On July 21, 2017, Magistrate Judge Cousins granted Plaintiff's discovery request, subject to the entry of a protective order in this action. *See*

Order, ECF 44. The parties entered a stipulated protective order on July 31, 2017. ECF 46. Judge Cousins determined that Defendants' concerns could be addressed by a protective order, and determined that the "far off" discovery deadline did not render Plaintiff's request premature. Order, ECF 44.

In filing this motion for relief, Defendants request this Court to modify Judge Cousins' order and quash the subpoena for lack of relevance, which they claim Judge Cousins failed to address in his order. Mot., ECF 47. The scope of discovery under the Federal Rules of Civil Procedure is extremely broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). Relevancy "should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord,* 162 F.R.D. 603, 610 (N.D.Cal.1995) (citation and quotation omitted).

In considering Defendants' objections, this Court is to review the magistrate's determination of relevance for abuse of discretion, and will only disturb the order if it is based on "an erroneous conclusion of law or where the record contains no evidence on which [the magistrate] rationally could have based that decision." *See EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting *Wolpin*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). Plaintiff argued in the record before Judge Cousins that the documents sought from Fidelity are relevant to its damages theory. Joint Discovery Letter 1, ECF 40. While the Court recognizes that Judge Cousins did not explicitly address relevance, his determination that the documents sought are relevant to Plaintiff's damages theory is clearly subsumed within the order granting Plaintiff's request. Further, this Court's independent review of the discovery request and the arguments made by both parties leads the Court to conclude that under the liberal standard for relevance, the documents Plaintiff requests are relevant and reasonably calculated to lead to the discovery of

3

admissible evidence of damages. Judge Cousins did not abuse his discretion in his determination that the documents sought by Plaintiff are relevant. As for timing, Defendants have not shown prejudice that is not cured by the protective order.

For the foregoing reasons, the Court finds that Judge Cousins' decision to allow the discovery subject to a protective order fell well within his discretion and was not clearly erroneous or contrary to law. The parties' protective order should be able to adequately protect Defendants' concerns regarding the confidential and sensitive financial nature of the documents. Moreover, Fidelity itself has the right to object or file a third party motion to quash the subpoena. To the extent Plaintiff attempts to disclose the discovery publicly, Defendants have the right to file a motion to seal the documents. Accordingly, the motion for relief from Judge Cousins' order is DENIED.

**IT IS SO ORDERED.**

Dated: August 11, 2017

_____
BETH LABSON FREEMAN
United States District Judge

4