**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FIRST FINANCIAL SECURITY, INC., <br> Plaintiff, <br> v. <br> MICHAEL W JONES, et al., <br> Defendants. | Case No. 17-cv-00773-BLF <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION** <br><br> [Re: ECF 73] |

**I.  BACKGROUND**

This case arises out of the mass departure of licensed insurance sales contractors from Plaintiff First Financial Security, Inc. ("First Financial") who went to work for non-party Freedom Equity Group ("FEG"), another life insurance brokerage agency. First Financial now sues Defendants Michael W. Jones ("Jones"), Insurance Distribution Consulting, LLC ("IDC"), and Supreme Alliance, LLC's ("Supreme Alliance") (collectively, "Defendants") for their alleged interference with contractual relations between First Financial and the sales contractors who resigned, as well as alleged misappropriation of First Financial's trade secrets. *See generally* Complaint, ECF 1. After their motion to dismiss was denied, Defendants filed an Answer and two counterclaims against First Financial. *See* ECF 66.

On November 28, 2017, the Court granted First Financial's motion to dismiss Defendants' amended counterclaims. *See* ECF 72. The Court granted Defendants leave to amend their second counterclaim, but dismissed without leave to amend Defendants' first counterclaim for a declaratory judgment that the anti-raiding provision in First Financial's contracts with its sales persons is invalid under California law. *Id*. at 6-12. The first counterclaim was dismissed because Defendants failed to allege standing under the Declaratory Judgment Act, and leave to amend was specifically denied because the Court reasoned it would not exercise jurisdiction over the declaratory judgment claim in light of related proceedings in *Do, et al. v. First Financial Security, Inc.*, No. 2:14-cv-7608-SVW (C.D. California) (the "Do Action"). *Id*. at 10-12.

On December 5, 2017, Defendants filed a motion for leave to file a motion for reconsideration of that part of the Court's Order dismissing their declaratory relief counterclaim without leave to amend. *See* ECF 73. Without a briefing schedule set by this Court, First Financial filed an opposition and supporting exhibits in response to Defendants' motion for leave to file a motion for reconsideration, ECF 74, and Defendants filed a reply, ECF 75.

Under Civil Local Rule 7-9(b), a party may seek reconsideration in three circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Defendants point to procedural developments in the *Do* Action that came to light during and after the motion to dismiss briefing presented to this Court, and argue that they constitute a material difference in fact and law that could impact this Court's decision on the declaratory judgment claim. *See generally* ECF 73. First Financial responds that the developments in the *Do* Action are immaterial to this Court's dismissal of the declaratory judgment claim, and that Defendants have not shown reasonable diligence that they did not know about the developments in the *Do* Action at the time of this Court's Order, as required by Civil Local Rule 7-9(b)(1). *See* ECF 74 at 2.

Because the parties have already briefed the relevant issues, the Court construes Defendants' motion as both a motion for leave to file a motion for reconsideration *as well as the motion for reconsideration itself*. First Financial has already responded and provided the Court with the relevant *Do* decision denying the plaintiffs' motion for class certification and granting the defendants' motion to dismiss for lack of jurisdiction. *See* ECF 74-2. Therefore, the Court is now informed of the developments in the *Do* Action.

The Court has considered the briefing of the parties and the relevant proceedings in the *Do* Action and GRANTS Defendants' motion for reconsideration. The Court WITHDRAWS that

portion of its prior order granting First Financial's motion to dismiss Defendants' first counterclaim *without leave to amend*. ECF 72 at 10:7-12:13. Defendants are afforded leave to amend their first counterclaim for a declaratory judgment. In the event that First Financial again moves to dismiss Defendants' counterclaims, the Court would benefit from briefing on the impact of the *Do* Action on this claim.[1] Defendants' Amended Answer and Counterclaims remain due **on or before December 18, 2017.**

## II. LEGAL STANDARD

Trial courts have the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to the entry of a final judgment. Fed. R. Civ. P. 54(b). The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Rule 59(e). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

## III. DISCUSSION

Defendants argue that procedural occurrences in the *Do* Action that developed in the midst of the briefing on First Financial's motion to dismiss in this case warrant reconsideration of this Court's Order dismissing Defendants' first counterclaim without leave to amend. *See* ECF 73. In light of the developments in *Do*, Defendants request leave to amend under Federal Rule of Civil Procedure 15 so that Defendants may fully brief the issue of standing and whether the Court should exercise jurisdiction over the declaratory judgment counterclaim. *Id.* at 3. First Financial

---

[1] The Court reminds Defendants that they must adequately allege standing in order for the Court even to consider whether to entertain their claim for declaratory relief.

3

argues that the developments in the *Do* Action are simply not material to this Court's dismissal of Defendants' counterclaim for a declaratory judgment. *See* ECF 74.

This Court denied leave to amend on the declaratory judgment counterclaim because it found persuasive Judge Stephen V. Wilson's Order in the *Do* Action on August 23, 2017 granting summary judgment in favor of First Financial and holding that the same anti-raiding provision at issue does not violate § 16600 and thus could not form the basis of the *Do* plaintiffs' claims. *See* ECF 72 at 10. Further, this Court agreed with First Financial that even if Defendants were able to establish this Court's subject matter jurisdiction through amendment of the first counterclaim, "the Court should avoid a 'needless determination of state law' that has already been determined by another federal judge." *Id*. at 12.

Defendants have now brought to the Court's attention that on November 2, 2017, Judge Wilson denied the plaintiffs' motion for class certification in the *Do* Action and granted First Financial's motion to dismiss for lack of subject matter jurisdiction. *See* ECF 74-2. A disagreement then arose between the parties in the *Do* Action regarding the content of the proposed judgment in that case, and whether subject matter jurisdiction existed at the time of the August 23, 2017 summary judgment order that this Court relied on. *See* ECF 73 at 2. Defendants argue that Judge Wilson's holding that the anti-raiding provision does not violate § 16600 is "very much in jeopardy." *Id*. An objection to the proposed order was not filed until November 9, 2017, two days after Defendants filed their opposition to First Financial's motion to dismiss in this case. *Id*. The Court therefore finds that Defendants have shown reasonable diligence.

These developments in the *Do* Action warrant reconsideration of this Court's denial of leave to amend on Defendants' first counterclaim for a declaratory judgment. Pursuant to Rule 15, Defendants should be freely given leave to amend in order to allege standing to pursue a declaratory judgment. Although First Financial may have a strong argument that all or part of Judge Wilson's August 23, 2017 summary judgment order remains valid and that this Court should not exercise jurisdiction over the counterclaim, the Court will benefit from further briefing on this issue in the context of a motion to dismiss after amendment. The Court already granted Defendants leave to amend their second counterclaim and additional allegations in their answer, so

4

any prejudice to First Financial from permitting amendment on the declaratory judgment claim is minimal.

For the foregoing reasons, Defendants' motion for reconsideration is GRANTED. The Court hereby withdraws that portion of its Order denying Defendants leave to amend their claim for a declaratory judgment. *See* ECF 72 at 10:7-12:13. The Court *does not* reconsider that portion of its order dismissing Defendants' first counterclaim for lack of standing. Therefore, First Financial's motion to dismiss Defendants' first counterclaim for a declaratory judgment is GRANTED WITH LEAVE TO AMEND. The deadline for amendment remains unchanged. Defendants shall file their Amended Answer and Counterclaims **on or before December 18, 2017.**

**IT IS SO ORDERED.**

Dated: December 11, 2017

_____
BETH LABSON FREEMAN
United States District Judge

5